FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2011 SEP 12 PM 3:33

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA

JABARI TRUITT,                )
                              )
    Plaintiff,                )
                              )
vs.                           )   Docket No.
                              )
INDIANAPOLIS HOUSING AGENCY   )
                              )   1:11-cv-1227 JMS-MJD
    Defendant,                )

## COMPLAINT
## PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff, by his attorneys, Kenneth T. Roberts and Rudy Coram, complaining of Defendant, alleges:

### JURISDICTION AND VENUE

1. This action is brought to remedy discrimination on the basis of disability in the terms, conditions and privileges under § 3(1)(A) of Title I of the American with Disabilities Act of 1990 ("ADA"). Plaintiff also seeks a remedy for a common law tort arising from the Defendant's intentional infliction of emotional distress.

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 12112. This Court also has supplemental jurisdiction over the claim for the intentional infliction of emotional distress. Injunctive and declaratory relief and damages are sought pursuant to 42 U.S.C. §2000e-5(f) and (g) and 29 U.S.C. §626 (b) 29, along with monetary relief for tort damages.

3. Plaintiff Jabari Truitt ("Truitt") filed a charge of discrimination on the basis

1

of Disability against Defendant Indianapolis Housing Agency ("IHA") with the Equal Employment Opportunity Commission ("EEOC") on or about April 2011, complaining of the acts of disability discrimination alleged herein. On or about June 15, 2011, the EEOC notified Truitt of his right to institute this action by issuance of a "Notice of Right to Sue" on his charge. Truitt has complied fully with all administrative prerequisites under the ADA.

4. Venue is proper within this District because the unlawful practices complained of herein occurred within the Southern District of Indiana.

## PARTIES

5. Plaintiff Jabari Truitt is a male born on August 31, 1974. He was employed by IHA at its offices located at 1919 North Meridian Street in Indianapolis, Indiana from July 2007, until the termination of his employment on or about April 5, 2011. He is a resident of Indiana.

6. Defendant Indianapolis Housing Agency, a housing corporation, is an employer within the meaning of § 101(5)(A) of the ADA. Defendant maintains its principal place of business at 1919 North Meridian Street in Indianapolis, Indiana

## STATEMENT OF THE CLAIM

7. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "6" of this complaint with the same force and effect as if fully set forth herein.

8. In 2007, Plaintiff was recruited for employment by IHA as a task coordinator. In

such a position, Plaintiff performed general housing inspection for the Defendant.

9. On September 25, 2009, while inspecting an assigned house, Plaintiff fell through a stair that was missing some tread. As a result of this fall, Plaintiff was severely injured and broke his hip which lead him to be admitted a couple of times to the Occupational Health Center at Methodist Hospital.

10. Plaintiff was diagnosed with a left hip contusion/strain and right shin contusion with the Plaintiff's pain from the broken hip exacerbating in June 2010 which lead to his return to the Occupational Health where he was diagnosed with a left hip strain with underlying arthritis. Plaintiff was instructed to limit the use of stairs and ladders as lying on the hip and the climbing of stairs increased his pain. That Plaintiff's health was increasingly deteriorating due to the effects of the injuries from the fall. On July 19, 2010, Plaintiff returned to the Occupational Health with complaints of pain in the left low back, left buttock, left tronchanteric bursa region and some pain in the left groin with the pain radiating down the left leg to the left foot along with some numbness and tingling all the way down into the foot.

11. That an MRI was performed on the Plaintiff in July 2010, revealing impingement, damage to his hip and groin leading the Plaintiff to be on crutches.

12. That Plaintiff's ongoing pain from the broken hip necessitated an MR arthogram which showed a degenerative labral tear superiorly as well as an osteochondral defect in the dome of the femur.

13. That Dr. Brokaw, of Ortho Indy, reviewed the results of the MR arthogram results and concluded that the labral tear and the osteochondral defect were acute based on his fall and the source of his pain.

14. That Plaintiff had a left hip arthroscopy with arthroscopic labral debridement, anterior and superior labral tear performed by Dr. Kollias on September 29, 2010.

15. That following the surgery on September 29, 2010, Plaintiff started his physical therapy. During therapy, Plaintiff complained of pain, decreased range of motion, struggle to go around and inability to drive.

16. That Plaintiff informed Dr. Kollias of his physical pains during the visit on October 8, 2010. Dr. Kollias instructed the Plaintiff to continue his physical therapy and was concerned that the anterior pain could be related to an inguinal hernia noting that "it certainly could have occurred with the fall that he had with the extension of the hip as he hit and considering where the labrar tar was, that went along with the position of the hip joint as he fell through the stairs."

17. On October 22, 2010, Plaintiff presented to Dr. Larry Stevens at Clarian North Medical Center and complained of sharp left groin pain which radiated into his left testicle and that he had a bulge in his left groin . Dr. Stevens's assessment was a work related left inguineal hernia, left hip pain and left gluteal pain.

18. That Plaintiff's medical condition did not improve from October 2010- December 22, 2010. Plaintiff continued to have difficulties sitting for any prolonged period of time because of increased numbness and tingling.

19. Upon exam, Dr. Kevin Sigua of the Ortho Indy believed that the Plaintiff had signs and symptoms of a possible peripheral nerve injury. Plaintiff continued to have pain down his leg into his left foot and had groin pain. In addition to this, since the hernia repair, Plaintiff was unable to have an erection and had a decreased libido.

20. On December 22, 2010, Plaintiff, while walking on crutches, slipped and fell at the parking lot of IHA due to the failure of IHA to remove snow and to de-ice the parking lot. Within 30 minutes of the fall, Plaintiff was immobilized with left groin pain. His pain was much worse with sitting.

21. That Dr. Sigua advised the Plaintiff that he should not sit and stand for more than 30 minutes, and that he should not be driving and lifting weights more than 35 pounds.

22. That throughout the period from date of original falling in September 2009 until March 2011, the month when Plaintiff contacted the Worker's Compensation Board, the Defendant failed to provide the Plaintiff with the necessary accommodation to enable the Plaintiff to perform his duties.

23. That despite Dr. Sigua's restricting the Plaintiff to continuously stand or sit for 30 minutes, Plaintiff's physical pain was preventing him from continuously sitting for more than 10 minutes.

24. That Defendant was aware of Plaintiff's pain and suffering from the moment of the initial falling, as the Defendant was being absent from work to follow up on

his medical treatments on different occasions and that the Defendant has failed to offer Plaintiff any payment for medical injuries and expenses throughout the time he was being treated by physicians while still employed by the Defendant.

25. That Plaintiff, throughout the time of his employment at IHA was an ethical employee and was never written up for disciplinary misconduct.

26. That the Defendant assigned to the Plaintiff an intake position which required the Plaintiff to sit for more than 10 minutes and to communicate with people although the Plaintiff complained to the Defendant that he cannot perform such communication task since he was constantly sedated.

27. That Defendant contacted the Worker's Compensation Board on January 2011 and was notified on March 15, 2010, of the appointment to undergo an independent medical examination on April 15,2011.

28. That in retaliation for seeking the Board's intervention, the Defendant discharged the Plaintiff from work on April 5, 2011, just 10 days prior to the Plaintiff submitting himself to the required independent medical exam.

29. That Defendant has kept the name of the Plaintiff listed as employee despite the discharge, thus preventing the Plaintiff from collecting unemployment benefits to which he is entitled.

### FIRST CAUSE OF ACTION

30. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "29" of this complaint with the same force and effect as if fully set

forth herein.

31. By the above acts, the Defendant has violated the ADA by discriminating against Plaintiff because of his health problems emanating from work related injury leading to his disability in the terms, conditions and privileges of his employment.

32. Defendant's acts were with malice and reckless disregard to the Plaintiff's federally protected civil rights.

33. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION

34. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "29" of this complaint with the same force and effect as if fully set forth herein.

35. The decisions to terminate the employment of the Plaintiff on April 5, 2011, more than a year after the initial fall subject of the injury, and 10 days prior to the Plaintiff undergoing independent examination by the physician appointed by the Worker's Compensation Board was nothing but a retaliation for the Plaintiff seeking the assistance of the Board.

36. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices

unless and until this Court grants relief.

## THIRD CAUSE OF ACTION

37. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "29" of this complaint with the same force and effect as if fully set forth herein.

38. Defendant by its conduct, including but not limited to, refraining from paying the Plaintiff's medical expenses throughout the time of his employment, denying the Plaintiff the necessary accommodation to perform his duties and discharging the Plaintiff upon the knowledge of his filing of worker's compensation claim, has intentionally caused Plaintiff to suffer severe emotional distress.

39. As a result of Defendant's conduct, Plaintiff has suffered damages, including but not limited to emotional distress and loss of reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

(a) declaring that the acts and practices complained of herein are in violation of the ADA and constitute the intentional infliction of emotional distress.

(b) enjoining and permanently restraining these violations of the ADA.

(c) directing Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices and tortious conduct are eliminated and do not continue to affect Plaintiff's employment opportunities;

(d) directing defendant to reinstate Plaintiff, placing him in the position he would

have occupied but for Defendant's discriminatory treatment and making him whole for all earnings he would have received but for Defendant's discriminatory and tortious treatment including, but not limited to, wages, bonuses, pension and other lost benefits;

(e) directing defendant to pay Plaintiff compensatory and punitive damages for the injuries suffered as a result of defendant's violations of the ADA .

(f) awarding Plaintiff the costs of this action, together with reasonable attorneys' fees.

(g) granting such other and further relief as this Court deems necessary and proper.

(h) Plaintiff hereby demands a trial by jury in this action.

Respectfully submitted,

**ROBERTS & BISHOP**

_____
Kenneth T. Roberts, Ind. Atty. No. 6099-49

_____
Rudy Coram, Ind Atty. No. 29690-49

**ROBERTS & BISHOP**
118 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 631-0172
Facsimile: (317) 631-0178