SETTLEMENT DEMAND LETTER
PLAINTIFF'S COMPLAINT



RECEIVED
MAY 18 2012
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

COMES NOW the Plaintiff, __Jabari Truitt__, and sues the Defendant, __Indianapolis Housing Agency__, for compensatory and punitive damages and for this cause of action would most respectfully show unto this Court the following facts, to wit:

PARTIES

1. The Plaintiff, __Jabari Truitt__, is an adult resident citizen of __Marion County__, __Indiana__.

2. The Defendant, __Indianapolis Housing Agency__, is a _____ corporation doing business in the State of __Indiana__ at __1919 North Meridian St.__, __Indianapolis, Indiana__, __Marion County 46202__. The agent for service of process is __Delaney &Delaney__ at __3646 North Washington Blvd Indianapolis Indiana, Marion County 46205__.

3. The Plaintiff is an employee within the meaning of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. The Defendant is an employer within the meaning of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 USC § 1331 and 28 USC § 1343 and this action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, cited as 42 USC §2000e(k).

FACTUAL SITUATIONS

5. Mr. Jabari Truitt was employed by the Indianapolis Housing Agency (IHA) from a period of June 7, 2007 to April 5, 2011. Mr. Truitt maintained a blemish free employment record in his employment with the IHA during his tenure. Mr. Truitt was injured on the job, while performing work duties, on September 25, 2009. Such injuries required Mr. Truitt to have multiple surgeries and procedures. In his pursuit to seek help for his injury; he was met with serious and unprovoked adversity from members on the IHA's Human Resources Department. Mr. Truitt then alerted other authorities within and outside the IHA of the harsh and inattentive behavior of the IHA's Human Resources Department because of Mr. Truitt's pursuit to protect his safety and

well being. At the time of Mr. Truitt's termination on April 5, 2011, Mr. Truitt had only been released to return to work by the IHA's selected physician. The Indiana Worker's Compensation Board Certified physician maintained Mr. Truitt could not perform the position offered to him. The Indiana Worker's Compensation Board's directive states Mr. Truitt continue receiving Worker's Compensation benefits and TTD. The IHA's Human Resource Department informed their insurance company Mr. Truitt quit when in fact Mr. Truitt was terminated. Mr. Truitt has suffered financial, physical and emotional distress as a result of the IHA's negligent. The IHA also violates The Americans with Disabilities Act of 1990 (ADA) and violations of their own Employee Policies and Procedures Manual which states IHA employees who become disabled and are in need of reasonable accommodations should notify their supervisors. The employee and the supervisor should work together to develop a reasonable accommodation. Mr. Truitt and his supervisor worked out a reasonable accommodation and for one reason or another Kathy Walden began to destroy the relationship Mr. Truitt and his supervisor established. IHA's Human Resources department ignored several steps in their reassignment process and denied Mr. Truitt his due process and explained on page 4-5 of the Policies and Procedures Manual.

The IHA's Human Resources department also violated Policy for Workplace Threats and Violence on page 42 of the Employee Policies and Procedures Manuel.

The IHA's Human Resources department also violated its own policy of Grievances and Complaints and Discrimination Complaints Procedure on pages 24-26 of the Employee Policies and Procedures Manual.

The IHA's Human Resources department also violated its own policy of Non-Retaliation Provision as explained on page 23.

## CAUSES OF ACTION

6. The Defendant has violated numerous federal and state laws in the unlawful termination of the Plaintiff. The Defendant has deprived the Plaintiff of his job and has severely affected the substantial interest he had in his reputation and his ability to earn a living. The Plaintiff has further been denied access to certain benefits to which he was entitled under Defendant's employee benefit plan. The Defendant's termination of the Plaintiff was arbitrary, unreasonably discriminatory, and retaliatory, all in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, cited as 42 USC §2000e(k). The Defendant exhibited ill will, malice, improper motive, and indifference to the Plaintiffs civil rights by forcing his to take a position he physically was not released by all physicians to perform. Defendant also denied all benefits to which the Plaintiff was entitled to.

DAMAGES

7. The Plaintiff, as a result of the actions of the Defendant, has suffered lost wages, mental anxiety and stress, and other damages for which he will show at a trial of this cause of action.

8. The Plaintiff has suffered compensatory damages and punitive damages as a result of the actions of the Defendant; is entitled to back pay and front pay as a result of the actions of the Defendant; and is further entitled to reinstatement to his former position with the Defendant.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff; _Jabari Truitt_____ respectfully prays for the following relief against the Defendant, _Indianapolis Housing Agency_____:

A. Compensatory damages in an amount to be 910,000.

B. Punitive damages in an amount to be 10,000,000.

C. Back pay in an amount to be 65,000.

D. Front pay in an amount to be 3,120,000.

E. Reasonable attorney's fees in the amount to be $1,420.53.

F. Child Support loss in the amount to be $10,712.00.

G. A public and written apology regarding my character and work ethic, including but not limited to no longer defaming my character when called to give a reference.

H. We also ask for Kathy Walden's resignation as part of our settlement demand

RESPECTFULLY SUBMITTED,

UCC1-308

JABARI TRUITT

cc Judges file : Cause No. 1:11-CV-1227-JMS-MJD Settlement Demand Letter.